IN RE GRAND JURY INVESTIGATION BY
JUDGE JOHN M. ALEXANDER
(13188)

PETERS, C. J., HEALEY, GLASS, COVELLO and HULL, Js.

Argued March 1—decision released April 12, 1988

*Dominic J. Squatrito,* with whom, on the brief, were *Nancy Jeanne Johnson* and *Barry D. Guliano,* for the appellant (petitioner Journal Publishing Company, Inc.).

*Paul F. Thomas,* with whom, on the brief, was *Jacob D. Zeldes,* for the appellee (intervenor Neil Ellis).

*A. Susan Peck,* with whom, on the brief, was *Hubert J. Santos,* for the appellee (intervenor Leonard Seader).

*John M. Massameno,* assistant state's attorney, with whom, on the brief, were *John J. Kelly,* state's attorney, and *Roseanne Wagner,* deputy assistant state's attorney, for the appellee (state).

PETERS, C. J. The sole issue in this case is whether, despite intervening legislative changes in grand jury procedures, the statute that was in effect at the time when an investigatory grand jury was authorized governs a subsequent request for disclosure of the grand jury's report. The petitioner, the Journal Publishing Company, Inc., filed a motion for the public disclosure of the grand jury report, associated transcripts and evidentiary documentation that had been filed with the Hartford Superior Court by Judge John M. Alexander. The trial court permitted a number of interested parties to intervene, both in support of and in opposition

to the motion for disclosure.[1] After a hearing, the trial court concluded that it lacked jurisdiction to hear the motion. The petitioner has appealed. We find error and remand for further proceedings.

The relevant facts are undisputed. On July 18, 1985, Judge Stoughton ordered a grand jury inquiry to determine, pursuant to General Statutes (Rev. to 1985) § 54-47,[2] whether there was probable cause to believe that crimes had been committed in Enfield. Judge Shaughnessy was initially appointed to serve as grand juror, but was subsequently replaced by Judge Alexander. The grand jury filed its final report with Judge Barall in Hartford Superior Court on November 24, 1986.

---

[1] The Hartford Courant Company and the Manchester Herald were permitted to intervene to join the moving petitioner in seeking public disclosure. William Boudah, John Castle, Neil Ellis, Paul Fox, Edward T. Lynch, Leonard Seader and an unidentified witness who had testified before the grand jury were permitted to intervene to oppose public disclosure.

[2] "[General Statutes (Rev. to 1985)] Sec. 54-47. INVESTIGATIONS INTO COMMISSION OF CRIME. (a) Whenever it appears to the superior court for any judicial district that the administration of justice requires an investigation to determine whether or not there is probable cause to believe that a crime or crimes have been committed within the judicial district, said court may order an inquiry to be made into the matter, to be conducted before any judge, state referee, or any three judges of said court designated by it.

"(b) The chief state's attorney and the deputy chief state's attorney may also apply to the chief court administrator for an order that an inquiry be made to determine whether or not there is probable cause to believe that a crime or crimes have been committed. If the chief court administrator is satisfied from the application and any other papers or evidence submitted in support thereof that the administration of justice requires such an inquiry, he shall order that it be made and shall appoint a judge, a state referee or any three judges of the superior court to conduct the inquiry, with the assistance of the chief state's attorney, deputy chief state's attorney or any state's attorney or assistant state's attorney.

"(c) Such inquiries shall be conducted in public or private as said court or chief court administrator orders.

"(d) The attendance of witnesses and the production of documents at such inquiries may be compelled by subpoena, signed by any official authorized to issue such process.

Before this grand jury investigation was completed, the General Assembly enacted far-reaching reforms in the procedures governing the investigatory grand jury system. Effective October 1, 1985, § 54-47 was repealed and its provisions replaced by Public Acts 1985, No. 85-611, codified as General Statutes §§ 54-47a through 54-47h.[3] In 1986, the General Assembly enacted clarify-

"(e) If any witness properly summoned fails to appear or to produce any documents included in the subpoena, or if he fails to answer any proper question, the judge, referee or judges conducting the inquiry may report the matter to the state's attorney for the judicial district wherein the investigation is being conducted and such state's attorney may file a complaint setting forth the facts at any criminal session of the superior court in such judicial district. The court shall thereupon issue a citation to the witness to appear before said court and show cause why he should not be punished as for a contempt, and if, after hearing, the court finds that he failed to appear without due cause or failed to produce any document properly to be presented to the judge, state referee or judges conducting the investigation or failed to answer any proper question in the course of the investigation, it may punish him as it might a witness failing to appear, to produce a document properly to be considered or to answer a proper question before the court.

"(f) Witnesses may be examined by the judge, state referee or judges conducting the inquiry, by the state's attorney or assistant state's attorney or by any other attorney or attorneys appointed by the court for such purpose. The official stenographer of such superior court or his assistant shall record any testimony so taken. At any such hearing a witness shall have a right to counsel and shall be informed of such right by the official conducting the inquiry.

"(g) At the conclusion of such inquiry the judge, referee or judges conducting the inquiry shall file with the court a report and the court shall direct whether, and to what extent, the report shall be made available to the public or interested parties. Any transcript of testimony taken at the inquiry shall likewise be filed with the court and it shall have the same powers with reference to it as it has with reference to the report; provided any person accused of crime as a result of the inquiry shall have access at all reasonable times to the transcript of his own testimony given by him in such inquiry."

[3] General Statutes §§ 54-47a through 54-47h provide: "Sec. 54-47a. COMPELLING TESTIMONY OF WITNESS. IMMUNITY FROM PROSECUTION. (a) Whenever in the judgment of the chief state's attorney, a state's attorney or the deputy chief state's attorney, the testimony of any witness or the production of books, papers or other evidence of any witness (1) in any criminal

ing legislation to ensure that the authority of investigatory grand juries duly designated prior to October 1,

proceedings involving narcotics, arson, bribery, gambling, election law violence, felonious crimes of violence or any violation which is an offense under the provisions of title 25, before a court or grand jury of this state or (2) in any investigation conducted by an investigatory grand jury as provided in sections 54-47b to 54-47g, inclusive, is necessary to the public interest, the chief state's attorney, the state's attorney, or the deputy chief state's attorney, may, with notice to the witness, after the witness has claimed his privilege against self-incrimination, make application to the court for an order directing the witness to testify or produce evidence subject to the provisions of this section.

"(b) Upon the issuance of the order such witness shall not be excused from testifying or from producing books, papers or other evidence in such case or proceeding on the ground that the testimony or evidence required of him may tend to incriminate him or subject him to a penalty or forfeiture. No such witness may be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing concerning which he is compelled to testify or produce evidence, and no testimony or evidence so compelled, and no evidence discovered as a result of or otherwise derived from testimony or evidence so compelled, may be used as evidence against him in any proceeding, except that no witness shall be immune from prosecution for perjury or contempt committed while giving such testimony or producing such evidence. Whenever evidence is objected to as inadmissible because it was discovered as a result of or otherwise derived from compelled testimony or evidence, the burden shall be upoon the person offering the challenged evidence to establish a source independent of the compelled testimony or evidence.

"Sec. 54-47b. INVESTIGATORY GRAND JURY. DEFINITIONS. For the purposes of sections 54-47a to 54-47h, inclusive:

"(1) 'Applicant' means any judge of the superior court, appellate court or supreme court, the chief state's attorney or a state's attorney who makes an application to a panel of judges for an investigation into the commission of a crime or crimes.

"(2) 'Crime or crimes' means (A) any crime or crimes involving corruption in the executive, legislative or judicial branch of state government or in the government of any political subdivision of the state, (B) fraud by a vendor of goods or services in the medical assistance program under Title XIX of the Social Security Act Amendments of 1965, as amended, (C) any violation of chapter 949c and (D) any other class A, B or C felony for which the chief state's attorney demonstrates that he has no other means of obtaining sufficient information as to whether a crime has been committed.

"(3) 'Investigatory grand jury' means a judge, constitutional state referee or any three judges of the superior court, other than a judge designated by the chief justice to serve on the panel, appointed by the chief court

1985, pursuant to the repealed § 54-47, would continue "until the conclusion of such inquiry and a final report

administrator to conduct an investigation into the commission of a crime or crimes.

"(4) 'Panel of judges' or 'panel' means a panel of three superior court judges designated by the chief justice of the supreme court from time to time to receive applications for investigations into the commission of crimes in accordance with the provisions of sections 54-47a to 54-47h, inclusive, one of whom may be the chief court administrator.

"Sec. 54-47c. APPLICATION FOR INVESTIGATION INTO COMMISSION OF CRIME. (a) Any judge of the superior court, appellate court or supreme court, the chief state's attorney or a state's attorney may make application to a panel of judges for an investigation into the commission of a crime or crimes whenever such applicant has reasonable belief that the administration of justice requires an investigation to determine whether or not there is probable cause to believe that a crime or crimes have been committed.

"(b) Each application for an investigation into the commission of a crime or crimes shall be made in writing upon oath or affirmation to a panel of judges. Each application shall include the following information: (1) The identity of the applicant and his authority to make such application; (2) a full and complete statement of the facts and circumstances relied upon by the applicant to justify his reasonable belief that the investigation will lead to a finding of probable cause that a crime or crimes have been committed; (3) a full and complete statement of the facts concerning all previous applications known to the applicant, made to any panel of judges, for investigation of any one or more of the same criminal offenses involving any of the same persons specified in the application, including the action taken by the panel on each such application; and (4) such additional testimony or documentary evidence in support of facts in the application as the panel of judges may require. If the application is made by the chief state's attorney or a state's attorney, it shall also include a full and complete statement of facts showing that other normal investigative procedures with respect to the alleged crime have been tried and have failed or reasonably appear to be unlikely to succeed if tried or be too dangerous to employ.

"Sec. 54-47d. APPOINTMENT OF INVESTIGATORY GRAND JURY. DURATION AND SCOPE OF INVESTIGATION. (a) If the panel approves the application and orders an investigation into the commission of a crime or crimes, the chief court administrator shall (1) appoint an investigatory grand jury to conduct the investigation and (2) designate the court of the judicial district where any motions to quash and any contempt proceedings shall be heard and conducted and any findings and records of the investigation shall be filed.

"(b) Each order authorizing the investigation into the commission of a crime or crimes by the panel shall specify: (1) The date of issuance of the order, (2) the period of time within which the investigation is to be conducted, provided in no event shall the investigation be longer than six months

has been filed with the court pursuant to said section."
Public Acts 1986, No. 86-317, § 1 (a). This court accord-

from the date the chief court administrator appoints the investigatory grand jury to conduct the investigation, unless an application for an extension of time is filed and granted pursuant to subsection (c) of this section, (3) the scope of the investigation, and (4) its reasons for finding that the administration of justice requires an investigation to determine whether or not there is probable cause to believe that a crime or crimes have been committed. The panel shall retain a copy of the order and the original application and shall transmit to the investigatory grand jury, appointed pursuant to subsection (a) of this section, the original order and a copy of the application filed with the panel.

"(c) The investigatory grand jury may make an application to the panel of judges for an extension of time within which to conduct its investigation or for an amendment to the scope of its investigation. The application for extension or amendment shall set forth the reasons for the necessity of such extension or amendment and, in addition, shall contain the findings thus far made. No more than two extensions or amendments of an order may be granted by the issuing panel. The period of any extension shall be no longer than the panel deems necessary to achieve the purposes for which it was granted and in no event shall any extension be for a period longer than six months.

"Sec. 54-47e. SEALING OF ORDER AND APPLICATION. INVESTIGATION CONDUCTED IN PRIVATE. Any order authorizing the investigation into the commission of a crime or crimes and any application filed with the panel pursuant to section 54-47c or subsection (c) of section 54-47d shall be sealed. Any investigation by the investigatory grand jury shall be conducted in private, provided the panel, by a majority vote, may disclose the fact that any matter has been referred for an investigation by a grand jury and may order the investigation or any portion thereof to be public when such disclosure or order is deemed by the panel to be in the public interest.

"Sec. 54-47f. CONDUCT OF INVESTIGATION. TESTIMONY OF WITNESSES. (a) The investigatory grand jury, in conducting the investigation, may (1) seek the assistance of the chief state's attorney or state's attorney who filed the application, or his designee, (2) appoint an attorney to provide assistance if a judge of the superior court, appellate court or supreme court filed the application or (3) appoint any other attorney to provide assistance when necessary in the interest of justice.

"(b) The attendance of witnesses and the production of documents at such investigations may be compelled by subpoena, signed by any official authorized to issue such process.

"(c) If any witness properly summoned fails to appear or to produce any documents included in the subpoena, or if he fails to answer any proper question, the investigatory grand jury conducting the investigation may report the matter to the state's attorney for the judicial district which has been designated in subsection (a) of section 54-47d unless such state's attor-

ingly held, in *State* v. *Blasko,* 202 Conn. 541, 543, 522 A.2d 753 (1987), that the legislature had manifested

ney is the applicant or has been appointed to assist in such investigation, in which case the investigatory grand jury shall report the matter to the chief state's attorney, and such state's attorney or chief state's attorney, as the case may be, may file a complaint setting forth the facts at any criminal session of the superior court in such judicial district. The court shall thereupon issue a citation to the witness to appear before the court and show cause why he should not be punished as for a contempt, and if, after hearing, the court finds that he failed to appear without due cause or failed to produce any document properly to be presented to the investigatory grand jury or failed to answer any proper question in the course of the investigation, it may punish him as it might a witness failing to appear, to produce a document properly to be considered or to answer a proper question before the court.

"(d) Witnesses may be examined by the investigatory grand jury conducting the investigation or by any attorney or attorneys appointed by such investigatory grand jury for such purpose. At the hearing, the official conducting the investigation shall inform the witness that he has the right to have counsel present and to consult with such counsel.

"(c) The official conducting the investigation shall inform any witness who is a target of the investigation that he is a target and shall advise him that he has the right under the constitution of the United States and the constitution of Connecticut not to be compelled to be a witness, or to give evidence, against himself.

"(f) Any attorney appointed to assist in conducting the investigation shall disclose to the investigatory grand jury any exculpatory information or material in his possession, custody or control concerning any person who is a target of the investigation.

"(g) An official stenographer of the superior court or his assistant shall record any testimony taken at the investigation.

"Sec. 54-47g. FINDING AND RECORD OF INVESTIGATION. ACCESS TO TESTIMONY. (a) Within sixty days of the conclusion of the investigation, the investigatory grand jury conducting such investigation shall file its finding, and the stenographer shall file any record of the investigation, with the court of the judicial district designated in subsection (a) of section 54-47d. Such finding shall state whether or not there is probable cause to believe that a crime or crimes have been committed. The finding and record of the investigation shall be sealed, provided the panel, by a majority vote, may disclose such finding and record when such disclosure is deemed by the panel to be in the public interest.

"(b) Any witness, upon request, may have access at all reasonable times to the record of his own testimony unless the administrative judge or his designee finds after a hearing and for good cause shown that it is not in the best interest of justice to grant the witness access to his testimony.

"(c) A person accused of a crime as a result of the investigation shall

its intention not to revoke the authority of, nor to alter the procedures governing, investigatory grand juries that had been properly authorized before October 1, 1985.

Although the Alexander grand jury had been duly authorized before October 1, 1985, the trial court, *Byrne, J.,* concluded that the petition for disclosure was governed by the provisions of Public Acts 1985, No. 85-611, § 4. General Statutes § 54-47e. The court drew a distinction between the proceedings of the grand jury itself, and proceedings that involved questions arising after the grand jury had completed its assignment by filing its report. As to the former, the governing statute continued to be the repealed § 54-47, but, as to the latter, the court determined that the new act should govern. Since the disclosure petition was filed subsequent to the filing of the grand jury report, the court held that it had no jurisdiction to act, because under § 54-47e only a panel of judges is authorized to decide "when . . . disclosure . . . is deemed . . . to be in the public interest." Accordingly, the court denied the petition.

The petitioner's appeal asks us to resolve two specific issues: (1) did the trial court have jurisdiction to decide the motion for disclosure; and (2) what is the standard by which such a motion for disclosure should be decided? In our view, these issues must be resolved in accordance with the governing provisions of the old

be permitted to have access, at all reasonable times, to the record of his own testimony.

"Sec. 54-47h. REPORT. In January of each year, the panel of judges appointed pursuant to section 54-47b shall report to the chief court administrator, who shall in turn report to the chief justice, governor and general assembly, the following information with respect to applications made during the preceding calendar year: (1) The number of applications for an investigation into the commission of a crime or crimes filed with the panel; (2) the number of applications approved by the panel; and (3) the number of applications approved for extensions of time or amendments to the order."

§ 54-47, rather than the new § 54-47e. Accordingly, the trial court was in error in concluding that it lacked jurisdiction to determine the petition for disclosure, and should have required the petitioner to make the showing of particularized need that this court articulated as the proper standard in *In re Final Grand Jury Report Concerning the Torrington Police Department,* 197 Conn. 698, 709–12, 501 A.2d 377 (1985).

It is common ground among the parties that the Alexander grand jury, duly constituted before October 1, 1985, was obligated to conduct its proceedings and prepare its report in accordance with the provisions of the repealed § 54-47. *State* v. *Blasko,* supra. The dispositive question presented by this appeal is whether the legislature intended a different statute to govern public access to the report, transcript and other documentation that this grand jury filed with the Hartford Superior Court. We are persuaded that no such bifurcation was intended. As a matter of principle, this conclusion follows from our holding in *In re Final Grand Jury Report Concerning the Torrington Police Department,* supra, 709, that public disclosure of grand jury proceedings must be regulated with an eye to "the recognized importance of secrecy in the proper functioning of the grand jury system." As a matter of practicality, it is unlikely that the legislature would have intended to have a three judge panel authorize the disclosure of a report of a grand jury proceeding when no three judge panel had had any prior contact with the origins and scope of the grand jury investigation. Indeed, the cross-references in § 54-47e to §§ 54-47c and 54-47d underscore that the legislature understood the panel that determines disclosure to have had prior oversight responsibility for all aspects of the investigatory grand jury process.

Once it is decided that the repealed § 54-47 governs all proceedings relating to the Alexander grand jury,

including disclosure, the specific issues raised by the petitioner's appeal need little further discussion. Under the old § 54-47, a single judge of the Superior Court must determine whether to order disclosure of all or part of the grand jury's report, transcripts, or other documentation. In arriving at its determination, the court must apply the standard of particularized need that we articulated in *In re Final Grand Jury Report Concerning the Torrington Police Department,* supra, 711–12. See also *Commissioner* v. *Freedom of Information Commission,* 204 Conn. 609, 624–26, 529 A.2d 692 (1987). The petitioner suggests that a different standard applies because, in a footnote in *In re Final Grand Jury Report Concerning the Torrington Police Department,* supra, 713 n.10, we indicated that a petition for disclosure must be decided "according to the statute that was in effect at the time that the trial court was asked to rule" on the petitions. We have, however, determined that "the statute that was in effect" for this grand jury, when the trial court ruled on this petition, was the repealed § 54-47. Accordingly, any person seeking disclosure of any record of these proceedings must meet the standard of particularized need.[4]

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other justices concurred.

---

[4] In view of our disposition of this appeal, we do not need to decide whether there is any difference of substance between the particularized need standard of General Statutes § 54-47 and the public interest standard of General Statutes § 54-47e.