IN RE GRAND JURY INVESTIGATION CONCERNING
THE BOROUGH OF NAUGATUCK
(6622)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Submitted on briefs September 20—decision released October 18, 1988

*M. Leonard Caine III* filed a brief for the appellant (petitioner).

*James G. Clark* and *John M. Massameno* filed a brief for the appellee (state).

PER CURIAM. The sole question in this appeal is whether the statute in effect at the time an investigative grand jury was authorized governs a subsequent request for disclosure of the grand jury's report, or whether the statute in effect when the report is issued governs such a request. Our Supreme Court has decided

this question. The statute in effect when the grand jury was authorized governs. *In re Grand Jury Investigation by Judge John M. Alexander,* 207 Conn. 98, 107, 540 A.2d 49 (1988).

In this case, an investigative grand jury was authorized on December 20, 1984. On October 1, 1985, General Statutes (Rev. to 1985) § 54-47 was repealed and replaced by Public Acts 1985, No. 85-611, codified as General Statutes §§ 54-47a through 54-47h. The grand jury's report was issued on April 24, 1987. The petitioner, the board of police commissioners of the borough of Naugatuck, sought disclosure of the report pursuant to General Statutes (Rev. to 1985) § 54-47. The trial court ruled that the new statutory procedure governed and dismissed the petition for disclosure. This was error.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with law.