## In re Grand Jury Investigation by Judge Hugh C. Curran (6944)

Dupont, C. J., Borden and Norcott, Js.

Argued May 9—decision released August 1, 1989

*Ralph G. Elliot,* for the appellant (petitioner).

DUPONT, C. J. The sole issue in this case is whether, under General Statutes (Rev. to 1987) § 54-47g (a), as amended by Public Acts 1987, No. 87-350, § 5,[1] a petitioner is entitled to a hearing to determine whether the disclosure of the findings and record of a grand jury investigation is in the public interest.[2] The petitioner, a managing editor of The Hartford Courant, filed an application seeking disclosure of the report, findings

[1] General Statutes (Rev. to 1987) § 54-47g (a), as amended by Public Acts 1987, No. 87-350, § 5, provided: "Within sixty days of the conclusion of the investigation, the investigatory grand jury conducting such investigation shall file its finding with the court of the judicial district designated by the chief court administrator pursuant to subsection (a) of section 54-47d, and shall file a copy of its finding with the panel and with the chief state's attorney or a state's attorney if such chief state's attorney or state's attorney made application for the investigation. The stenographer shall file any record of the investigation with the court of the judicial district designated by the chief court administrator pursuant to subsection (a) of section 54-47d and the panel and the chief state's attorney or a state's attorney, if such chief state's attorney or state's attorney made application for the investigation shall have access to such record upon request made to the clerk of the court without a hearing. Such finding shall state whether or not there is probable cause to believe that a crime or crimes have been committed. Except as otherwise provided in this section, the finding and record of the investigation shall be sealed, provided the panel, by a majority vote, may disclose such finding and record when such disclosure is deemed by the panel to be in the public interest."

[2] General Statutes § 54-47g (a) has been further amended by Public Acts 1988, No. 88-345, § 1, expressly to require a hearing on a petitioner's request for the disclosure of the record of a grand jury investigation. The amendment applies only to grand jury findings filed on or after the effective date of the act, June 7, 1988, and therefore does not apply to this case.

and record of the investigatory grand jury, *Curran, J.,* appointed to investigate the circumstances of the recusal of a Superior Court judge in a matter involving a state police informant and his attorney. The petitioner's application was filed with a panel of three judges responsible, pursuant to General Statutes § 54-47g (a), for determining whether the disclosure of a grand jury investigation's findings and record is in the public interest. The petitioner expressly requested a hearing on his application in order to meet any burden necessary to justify an order of disclosure. The petitioner's request for disclosure was denied by the panel without a hearing and without a memorandum of decision indicating the basis of the denial.

The petitioner has appealed, claiming that pursuant to General Statutes (Rev. to 1987) § 54-47g (a), as amended by Public Acts 1987, No. 87-350, § 5, and the due process clauses of the constitutions of the United States and Connecticut, he is entitled to a hearing on his request for disclosure and that the panel erred in denying his application without such a hearing. Because we conclude that the statute required a hearing on the petitioner's request for disclosure, it is unnecessary to consider the constitutional bases of the petitioner's claim.

General Statutes § 54-47g (a), as amended by Public Acts 1987, No. 87-350, § 5, provided in pertinent part: "Except as otherwise provided in this section, the finding and record of the [grand jury] investigation shall be sealed, provided the panel, by a majority vote, may disclose such finding and record when such disclosure is deemed by the panel to be in the public interest."

Thus, pursuant to the statute, the finding and record of a grand jury investigation are to be sealed and unavailable to the public unless disclosure is deemed

by the panel to be in the public interest. The petitioner argues that under General Statutes (Rev. to 1987) § 54-47g (a), as amended by Public Acts 1987, No. 87-350, § 5, a petitioner bears the burden of showing that disclosure is in the public interest and that, accordingly, the statute requires a hearing so that a petitioner has the opportunity to meet that burden. We agree.

" 'It is an elementary rule that whenever the existence of any fact is necessary in order that a party may make out his case or establish his defense, the burden is on such a party to show the existence of such fact.' *Citizens Assn.* v. *Bridgeport,* 84 Conn. 383, 387, 80 A. 203." *Nikitiuk* v. *Pishtey,* 153 Conn. 545, 552, 219 A.2d 225 (1966). The burden of proof generally is with the party who initiates the action or proceeding. Id., 553.

*In re Final Grand Jury Report Concerning the Torrington Police Department,* 197 Conn. 698, 711–12, 501 A.2d 377 (1985), held that the burden of making the showing required for the disclosure of the record and findings of a grand jury investigation rests upon the private party seeking disclosure.[3] "To require the applicant seeking disclosure to bear the burden of articulating and substantiating a basis for the desired access to grand jury transcripts is consistent with the gen-

---

[3] *In re Final Grand Jury Report Concerning the Torrington Police Department,* 197 Conn. 698, 501 A.2d 377 (1985), was decided under a predecessor to the statute at issue in the present case, General Statutes (Rev. to 1985) § 54-47 (g), which provided in pertinent part: "At the conclusion of such inquiry the judge, referee or judges conducting the inquiry shall file with the court a report and the court shall direct whether, and to what extent, the report shall be made available to the public or interested parties." Public Acts 1985, No. 85-611, and Public Acts 1987, No. 87-350 transferred jurisdiction to order disclosure from the court to a panel of three Superior Court judges and established a specific test for ordering such disclosure, namely, when disclosure is in the public interest. We conclude that none of the changes wrought by those public acts disturbs the allocation of the burden of persuasion to a petitioner.

eral rule allocating the burden of persuasion to the moving party."[4] Id., 712.

In order for a petitioner to make the required showing to justify the disclosure of the finding and record of a grand jury investigation, a hearing is necessary. A petitioner cannot meet the burden of showing that disclosure is in the public interest without a forum in which to do so.

Our conclusion that the statute requires a hearing on a petitioner's request for disclosure is further supported by the text of the statute itself. The statute expressly provides that a state's attorney is entitled to access to grand jury investigation records upon request made to the clerk of the court and *without a hearing*. The fact that the statute expressly exempts a state's attorney from the necessity of a hearing indicates that the statute contemplates such a hearing to be held in all other instances in which disclosure is sought.

Because the petitioner's request for disclosure was denied without the hearing to which we have concluded he was entitled under General Statutes (Rev. to 1987) § 54-47g (a), as amended by Public Acts 1987, No. 87-350, § 5, it is necessary to remand the case for such a hearing.

There is error, the order of the panel is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

---

[4] General Statutes (Rev. to 1985) § 54-47 (g), under which *In re Final Grand Jury Report Concerning the Torrington Police Department*, 197 Conn. 698, 501 A.2d 377 (1985), was decided does not contain a standard for the burden of persuasion governing the disclosure of investigatory records. In that case, the Supreme Court upheld the trial court's use of the test of "particularized need" in which a party must make a showing of their need for disclosure and that showing is then balanced against the need for secrecy. Id., 711.