## In re Grand Jury Investigation by Judge Barry R. Schaller

Dupont, C. J., Borden, Spallone, Daly, O'Connell, Norcott and Foti, Js.

Argued September 19, 1989—decision released January 2, 1990

*Henri Alexandre,* assistant attorney general, for the petitioner.

*Hugh F. Keefe,* with whom, on the brief, was *Michael J. McCleary,* for Thomas R. Brown.

Dupont, C. J., The sole issue of this petition for review is whether the petitioner is entitled to the relief sought, namely, the release of the finding, transcripts and record of Judicial Inquiry No. 85-01, as filed with the investigatory grand jury panel that ordered the inquiry. Pursuant to General Statutes § 54-47g (a), we grant review[1] of the action of the grand jury panel[2]

---

[1] General Statutes § 54-47g (a) provides in pertinent part that "[a]ny person aggrieved by an order of the panel shall have the right to appeal such order by filing a petition for review with the appellate court within seventy-two hours from the issuance of such order."

[2] General Statutes § 54-47b (4) defines the panel as "three superior court judges designated by the chief justice of the supreme court from time to time to receive applications for investigations into the commission of crimes . . . ." General Statutes § 54-47d provides that if the panel approves an

denying the petitioner access to the finding, record, and transcripts. We conclude, after review, that the matter must be remanded to the grand jury panel for further proceedings.

Frank D'Amico, the petitioner,[3] is an inspector in the division of criminal justice and was assigned to assist the grand juror with the judicial inquiry that is the subject of this appeal. The petitioner was ordered to keep the inquiry confidential. At the conclusion of the inquiry, he applied for an arrest warrant for Thomas R. Brown. The petitioner sought the warrant, based in substantial part, on the testimony and exhibits introduced at the judicial inquiry. The warrant was issued and Brown was arrested, but the charges against him were dismissed by a trial court on January 24, 1989.

Subsequently, on April 27, 1989, Brown filed a suit in the United States District Court of Connecticut against D'Amico and other unnamed defendants in the office of the chief state's attorney. This suit, seeking compensatory and punitive damages totalling ten million dollars, was brought pursuant to 42 U.S.C. § 1983. It alleges that the petitioner was acting under the color of state law and in both his official and individual capacities when he deprived Brown of certain constitutional rights. The theme of the suit is that D'Amico and others employed by the Connecticut state police and the office of the Connecticut chief state's attorney obtained an arrest warrant for Brown based on perjury and a fabrication of physical evidence. Brown alleges that the warrant application and its supporting affidavit used a selective and "tailored" version of available testimony

---

application and orders an investigation into the commission of a crime or crimes, the chief court administrator shall appoint an investigatory grand jury to conduct the investigation.

[3] The petitioner is represented by the attorney general of the state of Connecticut in this matter.

and other evidence, thereby misleading the judicial authority that signed the affidavit into issuing an arrest warrant without probable cause.

On June 12, 1989, the petitioner applied to the grand jury panel for release of the transcripts of the inquiry, claiming that he could not otherwise defend himself against Brown's lawsuit. He claims that he cannot answer motions for disclosure and production filed in that lawsuit because of his oath of secrecy and lack of access to the records. The panel, without hearing, denied the application by letter. The letter, signed by the secretary to the panel, contained one sentence and gave no reason for the denial. Both the attorney general and Brown urge this court to release the transcripts. For the purposes of this petition for review, they are basically in accord as evidenced by their briefs and oral arguments.

After the attorney general filed the petition for review on behalf of D'Amico, this court assigned the matter for oral argument and directed that briefs be filed by the attorney general, the chief state's attorney and counsel for Brown. The parties were directed to address the following issues: (1) which of several amendments to General Statutes § 54-47 governs the petition; (2) the standard for release of grand jury transcripts; and (3) in the event of release, the conditions of release, if any, including the persons or entities to whom the transcripts should be given.[4]

---

[4] The office of the chief state's attorney requested that it be excused from filing a brief because the attorney general "properly addresses the issues raised in the court's order" and "the brief of the Attorney General will fully and accurately represent the state and . . . its officers . . . ."

Notice of the order of this court, which scheduled briefs and oral argument, was given to the secretary to the grand jury panel, but the panel did not participate in or attempt to participate in the decision of this court, or in the hearing held by this court on the petition for review.

Public Acts 1985, No. 85-611, now codified as General Statutes §§ 54-47a through 54-47h, governs this case.[5] That amendment became effective on October 1, 1985. The application for the judicial inquiry here was made and authorized in October, 1985. Thus, the 1985 version of the statute, as amended by Public Acts 1985, No. 85-611, applies to the question of whether the finding and record of the investigation shall be disclosed. See *In re Grand Jury Investigation by Judge John M. Alexander,* 207 Conn. 98, 540 A.2d 49 (1988). The finding and record include the report of the grand juror, the transcript and documentation submitted to the grand juror. Id., 107.

The standard for release is embodied in the language of Public Acts 1985, No. 85-611, § 6. "The finding and record of the investigation shall be sealed, provided the panel, by a majority vote, may disclose such finding and record when such disclosure is deemed by the panel to be in the public interest." See General Statutes § 54-47g (a). The standard for release prior to the 1985 amendment was "a particularized need."[6] *In re Grand Jury Investigation by Judge John M. Alexander,* supra.

The *Alexander* decision left open the question of whether there is any substantive difference between the pre-1985 standard of particularized need and the 1985 legislative standard of "public interest" now codified in General Statutes § 54-47g (a). Id., 108 n.4. The initial determination of that question should be left to

---

[5] General Statutes §§ 54-47a through 54-47h have been amended three times since 1985. Public Acts 1987, No. 87-350; Public Acts 1988, No. 88-148; Public Acts 1988, No. 88-345.

[6] While the phrase "particularized need" was not contained in the language of the pre-1985 statute, the Supreme Court articulated it as the proper standard for disclosure under that statute in *In re Final Grand Jury Report Concerning the Torrington Police Dept.,* 197 Conn. 698, 709–14, 501 A.2d 377 (1985). See also *In re Investigation of the Grand Juror into Cove Manor Convalescent Center, Inc.,* 4 Conn. App. 544, 495 A.2d 1098 (1985).

the grand jury panel since it is to that body that the legislature has entrusted the duty of determining when disclosure is in the public interest.[7] That panel is in a better position to determine what the public interest requires in this case because of its prior familiarity with the origin and scope of the judicial inquiry ordered by it. See *In re Grand Jury Investigation by Judge John M. Alexander*, supra, 107.

A hearing is necessary to determine whether the public interest requires disclosure. See *In re Grand Jury Investigation by Judge Hugh C. Curran*, 19 Conn. App. 230, 561 A.2d 974 (1989). In the present case, the panel summarily denied disclosure without a hearing. At the hearing ordered by this court, the panel will be able to elicit further information and facts upon which it can determine what the public interest requires.

The matter is remanded to the grand jury panel for a determination of whether the public interest requires disclosure, and, if so, for a further determination of those to whom disclosure should be made, and the conditions, if any, that should be imposed.

In this opinion the other judges concurred.

---

[7] Our conclusion that the panel should make the initial determination of what the "public interest" requires is not in conflict with *State* v. *Breton*, 212 Conn. 258, 562 A.2d 1060 (1989). In *Breton*, the trial court determined that the phrase "especially cruel" in a criminal statute was unconstitutionally vague. The Supreme Court agreed, but independently developed a limiting construction of the phrase, despite the fact that the trial court had not previously done so. Such a construction was necessary in that case to save the statute from unconstitutionality. Here, we are not faced with a constitutional challenge to a statute.