IN RE INVESTIGATION OF THE GRAND JUROR INTO
THE BETHEL POLICE DEPARTMENT
(10391)

PETERS, PARSKEY, SHEA, GRILLO and DALY, Js.

Argued October 12—decision released December 7, 1982

*Jacob Zeldes,* with whom, on the brief, were *Alfred J. Jennings, Jr.,* and *Joseph C. Gasparrini,* for the appellant (Richard X. Carlo).

*Walter D. Flanagan,* state's attorney, for the state.

*John J. Tuozzolo,* for the town of Bethel.

*Ted D. Backer,* with whom, on the brief, was *James H. Maloney,* as amicus curiae.

PARSKEY, J. This case arises out of action taken by the Superior Court ordering the release to the town of Bethel and "other interested parties" of a transcript filed with the court by a one-person grand jury appointed pursuant to General Statutes § 54-47(b). On September 12, 1980, the court acting on its own motion released the grand jury transcript. Present in court at that time were counsel representing the state's attorney, the town of Bethel and the amicus Danbury-News Times. Counsel representing the appellant Richard X. Carlo, the chief of police of the town of Bethel during the period covered by the investigation, who had opposed the release of the transcript in an earlier separate proceeding, had notice but was not present. Accordingly, the appellant did not avail himself of the opportunity to make an objection to the court's order. The court in articulating its orders disclosed that it had been contacted by the appellant's counsel who had requested that the court enter a stay so that the appellant could pursue an appeal. Immediately after ordering the release of the transcript, the court entered a stay until 5 p.m. that afternoon to allow Carlo to appeal.[1] Carlo, claiming to be a party in interest, has appealed the court's order releasing the transcript.

---

[1] Once the appeal was filed the order releasing the transcript was stayed pending final determination of the cause. Practice Book § 3065.

We are confronted at the threshold with the question of our jurisdiction. Underlying this question is the issue of the appellant's standing to appeal. Obviously, if for any reason the appellant lacks standing to appeal, there is no justiciable issue before us. *Old Rock Road Corporation* v. *Commission on Special Revenue,* 173 Conn. 384, 386, 377 A.2d 1119 (1977); *Mendez* v. *Mendez,* 160 Conn. 237, 238–39, 278 A.2d 795 (1971). To determine the appellant's standing requires an analysis of the proceedings at the trial court.

There were two proceedings at the level of the trial court, the proceedings involving the one-person grand jury and the action by the court on the grand jury report. The one-person investigatory grand jury established pursuant to General Statutes § 54-47[2] has broad authority to inquire into crimes.

[2] "[General Statutes] Sec. 54-47. INVESTIGATIONS INTO COMMISSION OF CRIME. (a) Whenever it appears to the superior court for any judicial district that the administration of justice requires an investigation to determine whether or not there is probable cause to believe that a crime or crimes have been committed within the judicial district, said court may order an inquiry to be made into the matter, to be conducted before any judge, state referee, or any three judges of said court designated by it.

"(b) The chief state's attorney and the deputy chief state's attorney may also apply to the chief court administrator for an order that an inquiry be made to determine whether or not there is probable cause to believe that a crime or crimes have been committed. If the chief court administrator is satisfied from the application and any other papers or evidence submitted in support thereof that the administration of justice requires such an inquiry, he shall order that it be made and shall appoint a judge, a state referee or any three judges of the superior court to conduct the inquiry, with the assistance of the chief state's attorney, deputy chief state's attorney or any state's attorney or assistant state's attorney.

"(c) Such inquiries shall be conducted in public or private as said court or chief court administrator orders.

"(d) The attendance of witnesses and the production of docu-

*State* v. *Moynahan,* 164 Conn. 560, 564, 325 A.2d 199, cert. denied, 414 U.S. 976, 94 S. Ct. 291, 38 L. Ed. 2d 219 (1973). The judge or referee who is appointed to conduct an inquiry has no authority to issue an indictment. His sole function is to investigate and report his findings to the court. Id., 565.

An investigating grand jury is not engaged in an adversary proceeding. Neither is an indicting

ments at such inquiries may be compelled by subpoena, signed by any official authorized to issue such process.

"(e) If any witness properly summoned fails to appear or to produce any documents included in the subpoena, or if he fails to answer any proper question, the judge, referee or judges conducting the inquiry may report the matter to the state's attorney for the judicial district wherein the investigation is being conducted and such state's attorney may file a complaint setting forth the facts at any criminal session of the superior court in such judicial district. The court shall thereupon issue a citation to the witness to appear before said court and show cause why he should not be punished as for a contempt, and if, after hearing, the court finds that he failed to appear without due cause or failed to produce any document properly to be presented to the judge, state referee or judges conducting the investigation or failed to answer any proper question in the course of the investigation, it may punish him as it might a witness failing to appear, to produce a document properly to be considered or to answer a proper question before the court.

"(f) Witnesses may be examined by the judge, state referee or judges conducting the inquiry, by the state's attorney or assistant state's attorney or by any other attorney or attorneys appointed by the court for such purpose. The official stenographer of such superior court or his assistant shall record any testimony so taken. At any such hearing a witness shall have a right to counsel and shall be informed of such right by the official conducting the inquiry.

"(g) At the conclusion of such inquiry the judge, referee or judges conducting the inquiry shall file with the court a report and the court shall direct whether, and to what extent, the report shall be made available to the public or interested parties. Any transcript of testimony taken at the inquiry shall likewise be filed with the court and it shall have the same powers with reference to it as it has with reference to the report; provided any person accused of crime as a result of the inquiry shall have access at all reasonable times to the transcript of his own testimony given by him in such inquiry."

grand jury. The distinction between the two is that "[g]rand-juries [of the indicting type] do not *try*, but *enquire;* they do not *condemn,* but only *accuse* . . . ." *State* v. *Wolcott,* 21 Conn. 272, 280 (1851). Investigating grand juries neither *try* nor *condemn* nor *accuse;* they only *inquire* and *report.*

At the conclusion of an inquiry by an investigating grand jury the judge or referee who conducts the inquiry files a report with the court. It is then the court's function to direct whether and to what extent the report shall be made available to the public or interested parties. General Statutes § 54-47(g).

Once the court has acted, the question of how to challenge that action arises. The right of appeal exists only by virtue of statutory authority. *State* v. *Audet,* 170 Conn. 337, 342, 365 A.2d 1082 (1976). Section 54-47 does not authorize any person aggrieved by an order of the court sealing or releasing the grand juror's report to appeal from such order. Cf. Public Acts 1981, No. 81-89 authorizing any person who has been excluded from a court session by court order to appeal from such order to the Appellate Session of the Superior Court. Therefore, if a right of appeal exists at all it must be found in the general appeal statute, § 52-263, which permits an appeal by a party aggrieved by a final judgment of the Superior Court.

Section 52-263[3] authorizes an appeal from a judgment rendered upon the trial of any cause or action.

---

[3] "[General Statutes] Sec. 52-263. APPEALS FROM SUPERIOR COURT. Upon the trial of all matters of fact in any cause or action in the superior court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or

"In a general sense the word 'action' means the lawful demand of one's right in a court of justice; and in this sense it may be said to include any proceeding in such a court for the purpose of obtaining such redress as the law provides." *Waterbury Blank Book Mfg. Co.* v. *Hurlburt,* 73 Conn. 715, 717, 49 A. 198 (1901). It includes not only the usual civil action instituted by process but also proceedings initiated by petition; *In re Naturalization of Fordiani,* 98 Conn. 435, 445, 120 A. 338 (1923) (naturalization); *O'Brien's Petition,* 79 Conn. 46, 59, 63 A. 777 (1906) (admission to bar); stipulation; *Waterbury Blank Book Mfg. Co.* v. *Hurlburt,* supra, (arbitration under rule of court); or motion. *Boltuch* v. *Rainaud,* 137 Conn. 298, 301, 77 A.2d 94 (1950) (vacation of arbitration award). "The practice in our courts is to require written pleas and motions, which are to be filed with the clerk." *Winick* v. *Winick,* 153 Conn. 294, 297, 216 A.2d 185 (1965). We find it persuasive that a review of cases from other jurisdictions involving the disclosure of grand jury reports reveals that the action is normally commenced by petition; *In Re Grand Jury January 1969,* 315 F. Sup. 662 (D. Md. 1970); *Wood* v. *Hughes,* 9 N.Y.2d 144, 173 N.E.2d 21 (1961); or application. *Application of Johnson,* 484 F.2d 791 (7th Cir. 1973); *United States* v. *Salanitro,* 437 F. Sup. 240 (D. Neb. 1977); *In the Matter of Disclosure of Grand Jury Transcripts,* 309 F. Sup. 1050 (S.D. Ohio 1970). Whether suppression of the grand juror's report may be obtained by petition

judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal from the final judgment of the court or of such judge, or he may appeal from the decision of the court granting a motion to set aside a verdict, except as provided in sections 51-164t, 51-164v and 51-197b. Such appeal shall be taken to the supreme court."

or whether such relief must be obtained, if at all, only in an independent action we need not decide because neither procedure was employed here. Appellate relief under § 52-263 must be founded on an action brought to the trial court. Even had the appellant made a proper objection, an objection to the trial court's decision is not the legal equivalent of an action.

The appeal is dismissed.

In this opinion the other judges concurred.