## IN RE JUDICIAL INQUIRY NO. 85–01 (14292)

PETERS, C. J., CALLAHAN, COVELLO, F. X. HENNESSY and M. HENNESSEY, Js.

Argued December 12, 1991—decision released April 14, 1992

*Henri Alexandre,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellants (petitioners).

*Roger J. Frechette,* with whom was *Matthew E. Frechette,* for the appellee (investigatory grand jury).

COVELLO, J. This is a petition for review of a ruling by a grand jury panel that denied the petitioners' request for the release of evidence used in grand jury proceedings. The dispositive issue is whether, despite intervening legislative changes that created a right of appellate review, the statute governing the release of evidence that was in effect at the time when the grand jury filed its report, which contained no right of appeal, governs a subsequent request for disclosure of the evidence before that grand jury. We conclude that: (1) the statute in effect at the time the grand jury filed its report governs the subsequent request for disclosure of evidence before that particular grand jury; and (2) there was no appeal available from the decision of the grand jury panel denying the petitioners' request for the release of evidence. We therefore remand the matter to the Appellate Court with direction to dismiss the petition for review.

The relevant facts are not in dispute. On October 24, 1985, a panel of judges authorized an investigation into the commission of crimes in the city of Waterbury.[1] That same day, pursuant to the panel's authorization, the chief court administrator appointed the Honorable Barry R. Schaller as grand juror.[2] Frank D'Amico, an

---

[1] General Statutes § 54-47b (4) provides: " 'Panel of judges' or 'panel' means a panel of three superior court judges designated by the chief justice of the supreme court from time to time to receive applications for investigations into the commission of crimes in accordance with the provisions of sections 54-47a to 54-47h, inclusive, one of whom may be the chief court administrator."

[2] General Statutes § 54-47c (a) provides: "Any judge of the superior court, appellate court or supreme court, the chief state's attorney or a state's attor-

inspector in the division of criminal justice, and Paul Reid, a state police officer, assisted with the grand jury investigation. Thomas R. Brown and John Ariola were the subjects of the investigation. In July, 1987, Judge Schaller filed a report of his findings as grand juror.

At the conclusion of the investigation, D'Amico applied for and obtained an arrest warrant for Brown. Reid applied for and obtained an arrest warrant for Ariola. Both applications were based upon testimony and other evidence accumulated during the grand jury investigation. The criminal charges against Brown were subsequently dismissed. Ariola was placed on accelerated rehabilitation.

Thereafter, Brown and Ariola began federal civil rights actions pursuant to 42 U.S.C. § 1983 in the United States District Court alleging that D'Amico and Reid had made material misrepresentations in their applications for arrest warrants with the intention of misleading the judicial authorities into issuing warrants that were, in reality, not based upon probable cause. Deposition and discovery requests in the federal actions have not been complied with because of D'Amico's and Reid's lack of access to the transcripts and records of the grand jury investigation.

On June 14, 1989, D'Amico and Reid filed applications with the grand jury panel seeking the release of the testimony and exhibits in the grand jury proceed-

ney may make application to a panel of judges for an investigation into the commission of a crime or crimes whenever such applicant has reasonable belief that the administration of justice requires an investigation to determine whether or not there is probable cause to believe that a crime or crimes have been committed."

General Statutes § 54-47d (a) provides: "If the panel approves the application and orders an investigation into the commission of a crime or crimes, the chief court administrator shall (1) appoint an investigatory grand jury to conduct the investigation and (2) designate the court location in the judicial district where any motions to quash and any contempt proceedings shall be heard and any findings and records of the investigation shall be filed."

ings pursuant to General Statutes § 54-47g (a).[3] On February 15, 1991, after a hearing, the panel denied the applications. The petitioners then filed petitions for review with the Appellate Court pursuant to General Statutes § 54-47g (a) and Practice Book § 2037.[4] The Appellate Court granted the petitions for review but denied the relief sought. We thereafter granted the petitioners' petition for certification to appeal from the Appellate Court. *In re Judicial Inquiry*, 219 Conn. 905, 593 A.2d 132 (1991).[5] In the interim, we granted the grand jury panel's application to be designated as a party solely for the purpose of raising a jurisdictional issue.

---

[3] General Statutes § 54-47g (a) provides: "Except as otherwise provided in this section, any part of the record of the investigation not disclosed with the finding pursuant to subsection (b) shall be sealed, provided any person may file an application with the panel for disclosure of any such part of the record. Upon receipt of such application, the panel shall after notice, hold a hearing and the panel, by a majority vote, may disclose any such part of the record when such disclosure is deemed by the panel to be in the public interest . . . ."

[4] General Statutes § 54-47g (a) further provides: "Any person aggrieved by an order of the panel shall have the right to appeal such order by filing a petition for review with the appellate court within seventy-two hours from the issuance of such order."

Practice Book § 2037 now provides: "Any person aggrieved by an order of a panel or an investigatory grand jury pursuant to Gen. Stat. § 54-47g may appeal from such order by filing a petition for review with the appellate court within seventy-two hours after the issuance of the order. The filing of any such petition for review shall stay the order until the final determination of the appeal. The appellate court shall hold an expedited hearing on such petition. After such hearing, the appellate court may affirm, modify or vacate the order appealed."

[5] Practice Book § 4126 provides: "Appeals may be taken to the supreme court in causes determined in the appellate court where the supreme court, upon petition of an aggrieved party or request of the appellate panel which heard the case, certifies the case for review."

The issues certified upon appeal were:

"1. Did the grand jury panel err in concluding that it is not 'in the public interest,' pursuant to Connecticut General Statutes § 54-47g, to release grand jury transcripts and records to public officials, who are sued in their official and individual capacities, for actions taken in the course of their

The grand jury panel argues that the Appellate Court lacked subject matter jurisdiction in this instance as there was no authority, under the then applicable statute, for appellate review of the panel's determination. Because of its jurisdictional character, we must consider this issue at the outset. "[J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent either in the trial court or here. Practice Book §§ 143, 145; *Circle Lanes of Fairfield, Inc.* v. *Fay,* 195 Conn. 534, 540, 489 A.2d 363 (1985); *Neyland* v. *Board of Education,* 195 Conn. 174, 177, 487 A.2d 181 (1985); *Reid* v. *Reincke,* 155 Conn. 591, 598, 236 A.2d 909 (1967). Once brought to the attention of the court, regardless of the form of the motion, it must be acted upon. *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 559, 290 A.2d 348 (1971); *Carten* v. *Carten,* 153 Conn. 603, 610, 219 A.2d 711 (1966). Moreover, ' "whenever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings." ' *Chzrislonk* v. *New York, N.H. & H. R. Co.,* 101 Conn. 356, 358, 125 A. 874 (1924)." *Cahill* v. *Board of Education,* 198 Conn. 229, 238, 502 A.2d 410 (1985).

official duties in assisting in the grand jury investigations, but only in the 'private interest' of such officials, whether or not such transcripts and records are necessary for their defense in the suit?

"2. Did the grand jury panel apply the proper analysis of the 'public interest' standard in denying the petitioners' applications for release of the grand jury transcripts and records of Judicial Inquiry No. 85-01?

"3. Does the 'public interest' standard mandate a more liberal approach to disclosure of grand jury transcripts and records than the 'particularized need' standard?

"4. Should the Appellate Court have dismissed the appeals of the applicants by petitions for review for lack of jurisdiction because General Statutes § 54-47g (a) and Practice Book § 2037 may not be applied retroactively to the grand jury proceeding and the report of the grand jury for which disclosure is sought?

"5. If Connecticut General Statutes § 54-47g (a) and Practice Book § 2037 are not applicable, are the applicants entitled to the disclosure requested on any other basis?" *In re Judicial Inquiry,* 219 Conn. 905, 906, 593 A.2d 132 (1991).

Specifically, the grand jury panel argues that prior to June 7, 1988, the effective date of Public Acts 1988, No. 88-345,[6] no statute or rule of practice authorized an appeal from the proceedings of a grand jury panel. Section 1 (a) of Public Acts 1988, No. 88-345, now General Statutes § 54-47g (a), added a new review provision, that had not previously existed, which stated: "Any person aggrieved by an order of the panel shall have the right to appeal such order by filing a petition for review with the appellate court within seventy-two hours from the issuance of such order." Because Judge Schaller was appointed as an investigative grand juror on October 24, 1985, almost three years prior to the passage of Public Acts 1988, No. 88-345, and since he filed his report on July 10, 1987, eleven months prior to the effective date of that act, June 7, 1988, the panel argues that the provision for direct appeal to the Appellate Court is simply inapplicable to this grand jury investigation. The petitioners argue, on the other hand, that the provision authorizing appellate review may be applied retroactively because it only affects the procedure by which appellate review can be secured. We agree with the grand jury panel that there is no right of appellate review of its determination in this instance.

In *In re Grand Jury Investigation by Judge John M. Alexander,* 207 Conn. 98, 540 A.2d 49 (1988) (*In re Grand Jury*), we had occasion to consider the identical issue in the context of Public Acts 1985, No. 85-611, codified as General Statutes §§ 54-47a through 54-47h. This act significantly altered existing procedures governing the investigatory grand jury system and

---

[6] Section 3 of Public Acts 1988, No. 88-345 provided: "This act shall take effect from its passage and be applicable to findings filed on or after the effective date of this act." The General Assembly approved Public Acts 1988, No. 88-345 on June 7, 1988.

Practice Book § 2037, the counterpart to General Statutes § 54-47g (a), was adopted by the judges of the Superior Court on May 8, 1989, to take effect August 1, 1989.

included, for the first time, a provision that requests for public disclosure were to be determined by a panel of judges.[7] In that instance, on July 1, 1985, Judge George D. Stoughton ordered a grand jury inquiry. In response thereto, on July 15, 1985, the chief court administrator appointed the Honorable John M. Alexander to serve as grand juror. On October 1, 1985, Public Acts 1985, No. 85-611 became effective. On November 24, 1986, Judge Alexander filed his final report. Thereafter, the petitioner filed a petition in Superior Court for public disclosure of the report. The trial court concluded that since the request for public disclosure came after the effective date of Public Acts 1985, No. 85-611, such a request should have been considered by a panel of judges, as the new act provided, rather than by a judge of the Superior Court, as had been the procedure prescribed prior to the adoption of Public Acts 1985, No. 85-611. The trial court determined, therefore, that it lacked jurisdiction to entertain the petition for disclosure. On appeal, we stated that the issue was "whether the legislature intended a different statute to govern public access to the report, transcript and other documentation . . . ." *In re Grand Jury*, supra, 107. We concluded "that no such bifurcation was intended." Id. That conclusion was consistent with our earlier determination that "Public Acts 1985, No. 85-611 . . . did not revoke the authority of or *alter the procedures governing investigatory grand juries* that had been properly authorized before October 1, 1985." (Emphasis added.) *State* v. *Blasko*, 202 Conn. 541, 543, 522 A.2d 753 (1987).

Public Acts 1988, No. 88-345 continued the evolution of the reforms in the procedures governing the inves-

<hr>

[7] Section 6 of Public Acts 1985, No. 85-611, now General Statutes § 54-47g et seq., provided: "The finding and record of the investigation shall be sealed, provided the panel, by a majority vote, may disclose such finding and record when such disclosure is deemed by the panel to be in the public interest."

tigatory grand jury system. Its provision for a direct appeal to the Appellate Court, where no such appeal previously existed, constitutes a substantive change in the law and is not the procedural change that the petitioners suggest. The enactment's specific provision that it would "be applicable to findings filed on or after the effective date of this act" comports with our own understanding that " '[s]tatutes should be construed retroactively only when the mandate of the legislature is imperative.' *Adamchek* v. *Board of Education,* 174 Conn. 366, 369, 387 A.2d 556 (1978), quoting *Michaud* v. *Fitzryk,* 148 Conn. 447, 449, 171 A.2d 397 (1961); see *New Haven* v. *Public Utilities Commission,* 165 Conn. 687, 726, 345 A.2d 563 (1974); *Little* v. *Ives,* 158 Conn. 452, 457, 262 A.2d 174 (1969). Moreover, statutes that effect substantial changes in the law do not apply in pending actions unless it clearly and unequivocally appears that such was the legislative intent; *American Masons' Supply Co.* v. *F. W. Brown Co.,* 174 Conn. 219, 223, 384 A.2d 378 (1978); *E. M. Loew's Enterprises, Inc.* v. *International Alliance,* 127 Conn. 415, 418, 17 A.2d 525 (1941); *Old Saybrook* v. *Public Utilities Commission,* 100 Conn. 322, 325, 124 A. 33 (1924); and we have consistently expressed our reluctance to give such statutes retroactive application. *East Village Associates, Inc.* v. *Monroe,* 173 Conn. 328, 332, 377 A.2d 1092 (1977)." *Sherry H.* v. *Probate Court,* 177 Conn. 93, 100, 411 A.2d 931 (1979). Because the chief court administrator appointed Judge Schaller to act as an investigative grand juror on October 24, 1985, and because Judge Schaller filed his findings on July 15, 1987, both dates being prior to the June 7, 1988 effective date of Public Acts 1988, No. 88-345 and the August 1, 1989 effective date of Practice Book § 2037 authorizing review by the Appellate Court, we conclude that this review provision was not applicable to Judge Schaller's grand jury investigation.

The question then remains that if review by the Appellate Court pursuant to General Statutes § 54-47g (a) and Practice Book § 2037 is not applicable to grand jury findings filed prior to June 7, 1988, whether the petitioners are entitled to judicial review of the grand jury panel's denial of their request for disclosure on any other basis. We agree with the conclusion of the General Assembly, implicit in its 1988 enactment of a right of appellate review in these instances, that the answer is no.

"The right of appeal exists only by virtue of statutory authority. *State* v. *Audet,* 170 Conn. 337, 342, 365 A.2d 1082 (1976). [Prior to 1988, §] 54-47 [did] not authorize any person aggrieved by an order of the court sealing or releasing the grand juror's report to appeal from such order . . . . Therefore, if a right of appeal exists at all it must be found in the general appeal statute, [General Statutes] § 52-263, which permits an appeal by a party aggrieved by a final judgment of the Superior Court." *In re Investigation of the Grand Juror,* 188 Conn. 601, 605, 452 A.2d 935 (1982).

Prior to the enactment of Public Acts 1985, No. 85-611, the authority to release grand jury reports was vested in the Superior Court. General Statutes (Rev. to 1985) § 54-47 (g) provided: "At the conclusion of such inquiry the judge, referee or judges conducting the inquiry shall file with the court a report and *the court shall direct whether, and to what extent, the report shall be made available to the public or interested parties.*" (Emphasis added.) Section 54-47 did not expressly authorize any person aggrieved by an order of the court sealing or releasing the grand juror's report to appeal from such order. Since it was the Superior Court's ruling that determined the issue, however, resort to the appellate process was available pursuant to General

Statutes § 52-263.[8] See, e.g., *In re Final Grand Jury Report Concerning the Torrington Police Department,* 197 Conn. 698, 501 A.2d 377 (1985); *In re Investigation of the Grand Juror,* 188 Conn. 601, 452 A.2d 935 (1982); *In re Investigation of the Grand Juror into Cove Manor Convalescent Center, Inc.,* 4 Conn. App. 544, 495 A.2d 1098 (1985).

When sitting as panelists pursuant to the Investigatory Grand Jury Act, General Statutes §§ 54-47a through 54-47h, the panel members are not sitting as a Superior Court but as panel members in accordance with the act.[9] Since they are not sitting as judges of the Superior Court, their rulings do not constitute rulings of that court and traditional avenues of appeal are therefore not available. As we concluded in *In re Investigation of the Grand Juror,* supra, 607, "[a]ppellate relief under § 52-263 must be founded on an action brought to the trial court." We conclude, therefore, that there was no basis for appeal from determinations of the grand jury panel between October 1, 1985, the effective date of Public Acts 1985, No. 85-611 that created the grand jury panel, and June 7, 1988, the effective date of Public Acts 1988, No. 88-345 that created the express statutory right to appellate review.

The judgment is reversed and the matter is remanded to the Appellate Court with direction to render judgment dismissing the petition for review.

In this opinion the other justices concurred.

---

[8] General Statutes § 52-263 provides that in proceedings before the Superior Court, "if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial . . . he may appeal to the court having jurisdiction from the final judgment . . . ." See also Practice Book § 4000.

[9] See footnote 1, supra.