[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (NO. 101)
On July 5, 1994, the plaintiffs, George Ganim Sr. and Josephine Ganim, filed this appeal pursuant to General Statutes, Sec. 12-117a, alleging that the defendants, the Town of Newtown ("Town") and its tax assessor ("assessor"), valued the Ganims' property during the October 1, 1993 assessment in a "grossly excessive, disproportionate and unlawful" fashion.[1] Attached to the Ganims' complaint is the sheriff's return of service which indicates that on May 27, 1994 he served the Town and the assessor with the writ, summons and complaint in this matter. On July 1, 1994, the Town entered its appearance. The assessor has not appeared.
On August 19, 1994, the Town filed a motion to dismiss, arguing that the court has no subject matter jurisdiction over this case since the Ganims failed to obtain a surety bond or recognizance in favor of the Town of Newtown prior to the prosecution of this administrative appeal. It further argues that the court should dismiss the appeal because the Ganims failed to use the proper summons form. On August 31, 1994, the Ganims filed a motion for extension of time to respond to the motion to dismiss, requesting an additional thirty (30) days to reply to the Town's motion. On September 13, 1994, the court granted the Ganims' motion. The Ganims have not yet filed an objection or memorandum in opposition to the Town's motion.
The purpose of a motion to dismiss is to contest the court's jurisdiction. Practice Book, Sec. 142. Practice Book, Sec. 143 CT Page 2417 provides that "[t]he motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." SeeGurliacci v. Mayer, 218 Conn. 531, 545, 590 A.2d 914 (1991). "`[J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent . . . in the trial court . . . .'" In re Judicial Inquiry No. 85-01, 221 Conn. 625,629, 605 A.2d 545 (1992); Practice Book, Sec. 145.
"`Whenever the absence of [subject matter] jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before `it can move one further step in the cause; as any movement is necessarily the exercise of [subject matter] jurisdiction.'" Statewide GrievanceCommittee v. Rozbicki, 211 Conn. 232, 245, 595 A.2d 819 (1989).
General Statutes, Sec. 12-117a provides, in pertinent part, that "any person . . . claiming to be aggrieved by the action of the board of tax review in any town or city with respect to the assessment list for the assessment year commencing . . . October 1, 1992, may, within two months from the time of such action, make application, in the nature of an appeal therefrom, to the superior court for the judicial district in which such town or city is situated, which shall be accompanied by a citation to such town or city to appear before said court. . . . The authority issuing the citation shall take from the applicant a bond or recognizance to such town or city, with surety, to prosecute the application to effect and to comply with and conform to the orders and decrees of the court in the premises."
There is no allegation in the Ganims' complaint or any attachment accompanying their complaint that indicates they complied with the bond or recognizance requirement of General Statutes, Sec. 12-117a. It is well established that "[a] statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal . . . ."Southern New England Telephone Co. v. Board of Tax Review,31 Conn. App. 155, 160-61, quoting Raines v. Freedom of InformationCommission, 221 Conn. 482, 489-90, 604 A.2d 819 (1992).
"The Plaintiff's failure to comply with the statutory [bond or recognizance] requirements of Conn. Gen. Stat., Sec. 12-118
[the predecessor to Sec. 12-117a] is a jurisdictional defect which deprives the Court of subject matter jurisdiction."[2]
CT Page 2418Richard Martel v. Town Clerk of Ellington, 4 CSCR 825 (September 11, 1989, Mack, J.); see also Corden v. Zoning Board of Appeals,131 Conn. 654, 657, 41 A.2d 912 (1945). ("The failure of the plaintiffs to file a bond of the character specified [under General Statutes, Sec. 429, a statute with the same bond or recognizance language of section 12-117a,] was sound ground for the abatement of the appeal.")
Therefore, the Ganims' failure to comply with the bond or recognizance requirement of General Statutes, Sec. 12-117a
deprives the court of subject matter jurisdiction. The Town's motion to dismiss is granted.
The assessor has not entered an appearance in this matter nor has he moved to dismiss the case against him for lack of subject matter jurisdiction. The trial court, however, may, sua sponte, raise the issue of subject matter jurisdiction. GlastonburyVolunteer Ambulance Assn., Inc. v. FOIC, 227 Conn. 848, 851,633 A.2d 305 (1993).
Procedurally, with respect to the tax assessor, the Ganims should have filed a motion for default for failure to appear pursuant to Practice Book, Sec. 352(a). This never occurred. Based on the disposition of the Town's motion, the court addresses, sua sponte, the subject matter jurisdiction issue as it relates to the assessor.
Since the court lacks subject matter jurisdiction over the Ganims' appeal against the Town due to their failure to file a bond or recognizance in accordance with General Statutes, Sec.12-117a, the case against the assessor must also be dismissed as it suffers from the same fatal flaw. Richard Martel v. Town Clerkof Ellington, supra, 825; R. Fuller, Land Use Law and Practice, Sec. 45.3, p. 728. Therefore, the court, sua sponte, dismisses the Ganims' claims against the assessor.
Leheny, J.