[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS NO. 116
On May 9, 1991, the plaintiff, Katina Zachmanoglou, Conservator of the Estate of Faye Jackson, filed a two count complaint sounding in negligence against the defendants, Albert J. Solnit, M.D., the Commissioner of Mental Health; Susan D. Addiss, the Commissioner of Health Services; and the State of Connecticut.
The plaintiff alleges in count one of the complaint that Solnit and the state violated the patient's bill of rights, General Statutes, Secs. 17a-540 — 17a-550, by failing to provide proper and dignified treatment to Faye Jackson while she was "under inpatient and/or outpatient care and treatment at family care home, and Bridgeport Mental Health Center, owned, operated and controlled by the State of Connecticut through the defendant Commissioner of Mental Health."
The plaintiff further alleges that while Jackson resided in family care homes operated by Vela Gaines, Mildred Jack and Barbra Hudson, she "suffered and will continue to suffer severe, painful and permanent injuries." The specific acts of negligence allegedly brought about by the state and its agents are as follows: failure to provide Jackson with a safe environment in violation of General Statutes, Sec. 17a-542; failure to comply CT Page 6421 with Jackson's right to treatment in violation of Sec. 17a-542; failure to provide humane and dignified treatment in violation of Sec. 17a-542; failure to formulate an individualized treatment plan for Jackson in violation of Sec. 17a-542; failure to administer an individualized treatment plan in violation of Sec.17a-542; failure to provide proper counseling, medication and supervision for the benefit of Jackson pursuant to Sec. 17a-542; and the failure to monitor Jackson in accordance with a treatment plan in violation of Sec. 17a-542. As a result of these alleged acts, the plaintiff contends that Jackson suffered numerous physical and psychological injuries.
In count two, the plaintiff alleges negligent acts on the part of Susan D. Addiss, the Commissioner of Health Services. However, during oral argument on this matter, the plaintiff's attorney agreed to the dismissal of count two of the complaint. Therefore, the issues before the court relate only to count one.
On February 2, 1993, the defendants filed an answer generally denying all of the plaintiff's allegations. The defendants also filed several special defenses, including sovereign immunity and governmental immunity.
On July 27, 1993, the defendants filed a motion to dismiss arguing that the plaintiff's action is barred by the doctrine of sovereign immunity since the alleged acts of negligence took place in family care homes operated by Vela Gaines, Mildred Jack and Barbra Hudson as opposed to a state mental institution or facility. The defendants posit that the statute creating the right of action, General Statutes, Sec. 17a-550, provides for a civil negligence action only where a plaintiff is treated in an inpatient or outpatient hospital or clinic, and a family care home does not qualify as such a facility. Based on that fact, the defendants contend that the legislature has not abrogated the state's sovereign immunity as to treatment provided in family care homes, therefore, the action must be dismissed.
On September 29, 1993, the plaintiff filed a memorandum in opposition to the defendants' motion, arguing that the defendants have misread their complaint. The plaintiff contends that she has alleged in her complaint that "at all times mentioned herein Faye Jackson was continually treated for her mental illness by servants, agents, and/or employees of the Bridgeport Mental Health Center, Department of Mental Health" in addition to alleging that she received negligent care while residing in a CT Page 6422 family care facility. Further, she argues that her complaint contains an allegation that the Bridgeport Mental Health Center is a treatment facility operated by the state. Therefore, her complaint should survive the motion to dismiss since it comes within the patient's bill of rights as set forth in General Statutes, Secs. 17a-540 — 17a-550. The plaintiff further argues that the court should find that a family care home is a health care facility within the meaning of the patient's bill of rights.
The purpose of a motion to dismiss is to contest the court's jurisdiction. Practice Book, Sec. 142. "A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991).
"[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Amore v. Frankel, 228 Conn. 358, 364,636 A.2d 786 (1994). "`[J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent . . . in the trial court. . . .'" In re Judicial InquiryNo. 85-01, 221 Conn. 625, 629, 605 A.2d 545 (1992); Practice Book, Sec. 145. Generally, a motion to dismiss must be filed before the answer and within thirty (30) days after the filing of an appearance. Practice Book, Sec. 145. This prohibition does not apply, however, to a motion based on subject matter jurisdiction. Id.; In re Judicial Inquiry No. 85-01, supra, 221 Conn. 629. It may be raised at any time. Id.
"Since the motion to dismiss filed by the state defendants `does not seek to introduce facts outside of the record it is equivalent to our former motion to erase and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff.'" Duguay v. Hopkins, 191 Conn. 222, 227,464 A.2d 45 (1983). "[E]very presumption is to be indulged in favor of jurisdiction"; LeConche v. Elligers, 215 Conn. 701, 710,579 A.2d 1 (1990); and the burden of proving the lack of jurisdiction is on the defendant. Standard Tallow Corporation v. Jowdy,190 Conn. 48, 53-54, 459 A.2d 503 (1983).
General Statutes, Sec. 17a-542 provides that "[e]very patient treated in any facility for treatment of persons with a mental illness shall receive humane and dignified treatment at all CT Page 6423 times, with full respect for his personal dignity and right to privacy. Each patient shall be treated in accordance with a specialized treatment plan suited to his disorder. Such treatment plan shall include a discharge plan which shall include, but not be limited to, (1) reasonable notice to the patient of his impending discharge, (2) active participation by the patient in planning for his discharge and (3) planning for appropriate aftercare to the patient upon his discharge."
"Any person aggrieved by a violation of sections . . . [17a-542] . . ., may petition the superior court within whose jurisdiction the person is or resides for appropriate relief, including temporary and permanent injunctions, or may bring a civil action for damages." General Statutes, Sec. 17a-550.
A facility, as contained in section 17a-542, is defined in section 17a-540(a) as "any inpatient or outpatient hospital, clinic, or other facility for the diagnosis, observation or treatment of persons with a mental illness." Further, section17a-540(b) defines a patient as "any person being treated in a facility."
The Supreme Court has held that the patient's bill of rights allows any patient receiving treatment in a state mental health facility to bring an action under section 17a-550 to remedy violations of their rights; Mahoney v. Lensink, 213 Conn. 548,557-58, 566, 569 A.2d 519 (1990); and that the statutory remedy provided must be liberally construed. Id., 556.
Count one, paragraph 3 of the plaintiff's complaint alleges that "[a]t all times mentioned herein, Faye Jackson was continuously under inpatient and/or outpatient care and treatment at family care homes, and Bridgeport Mental Health Center, owned, operated and controlled by the state of Connecticut through the defendant Commissioner of Mental Health." Count one, paragraph 7 of the plaintiff's complaint sets forth that "[a]t all times mentioned herein, Faye Jackson was continuously treated for her mental illness by servants, agents and/or employees of the Bridgeport Mental Health Center, Department of Mental Health."
These two allegations establish that Faye Jackson was a patient under section 17a-540(b) and that the Bridgeport Mental Health Center is a state facility, as contemplated in section17a-540(a), for the treatment of mental illness. Further, the plaintiff has alleged that she suffered injuries as a result of CT Page 6424 the negligent treatment received.
Therefore, her action falls within the state's waiver of sovereign immunity contained in the patient's bill of rights, General Statutes, Secs. 17a-540 — 17a-550; Mahoney v. Lensink.
supra, 213 Conn. 548, 557-58, 566; allowing for the maintenance of a suit against the state. Id. As a result, the court finds that it has subject matter jurisdiction over the plaintiff's claims as this matter is not barred by the doctrine of sovereign immunity.
Based on the foregoing, the court denies the defendants' motion to dismiss.
Stodolink, J.