[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#113)
On April 18, 1995, the plaintiff, Gail H. Devoid, commenced this action against the defendants, Mirror Polishing and Plating Company and Matthew Nalband for allegedly discriminatory practices in violation of the Connecticut Fair Employment Practices Act (CFEPA), General Statutes § 46a-51 et seq. Specifically the plaintiff has alleged, that the defendants engaged in conduct constituting sexually harassment in violation of General Statutes §§ 46a-60(a)(8), 46a-60(a)(1) and 46a-60
(a)(4). In addition, the fourth count of the plaintiff's complaint alleges that she suffered emotional distress as a result of the defendants alleged sexual harassment. The plaintiff filed an amended complaint on May 26, 1995, wherein she added to the original complaint by seeking punitive damages in her prayer for relief. Aside from this change the original complaint was the same as the amended complaint.
Prior to the filing of the amended complaint, the defendant's moved to dismiss the action for lack of jurisdiction. On July 10, 1995, this court denied the motion to dismiss, citing as authority Practice Book § 175, General Statutes § 52-128
and Sheenhan v. Zoning Commission, 173 Conn. 408, 412-413,378 A.2d 519 (1977). The defendants filed a motion to reargue which was "Denied without prejudice on reargument, issues to be raised on motion against amended complaint." The defendant then filed the present motion to dismiss the amended complaint on September 6, 1995. The defendant also filed a memorandum in support of the motion to dismiss and the plaintiff timely filed an objection to the motion.
The defendants have moved to dismiss the complaint arguing that the court lacks subject matter jurisdiction because the plaintiff did not seek a release from the CHRO (Connecticut Commission on Human Rights and Opportunities) as required by General Statutes §§ 46a-100[1] and 46a-101,[2] and, therefore, did not exhaust her administrative remedies.
The plaintiff originally brought her claim to the CHRO but subsequently withdraw the claim and filed the present action in this court. The plaintiff argues that the motion to dismiss CT Page 13187 should be denied because the plaintiff is seeking punitive damages, a remedy she would not be afforded under CFEPA through the CHRO. As such, the plaintiff argues there is no adequate remedy at law and the plaintiff, therefore, need not exhaust her administrative remedies.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." Practice Book § 143.
"A motion to dismiss . . . properly attacks the jurisdiction of the court essentially asserting that the plaintiff cannot, as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted; emphasis in original.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "The motion to dismiss like a motion to erase admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone." (Internal quotation marks omitted.) Barde v. Board of Trustees, 207 Conn. 59, 63,539 A.2d 1000 (1988).
"`Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong.'" Ambroise v. William Raveis RealEstate, Inc., 226 Conn. 757, 764-65, 682 A.2d 1303 (1993), quoting LeConche v. Ellingers, 215 Conn. 701, 709, 579 A.2d 1
(1990). "[J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent. . . . " (Citations omitted.) In re Judicial Inquiry No. 85-01,221 Conn. 625, 629, 605 A.2d 545 (1992). "Moreover, whenever a court discovers it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings." Id., 629.
"`A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power. . . ." (Citations omitted.) Plasil v. Tableman,223 Conn. 68, 80, 612 A.2d 763 (1992).
"It is a settled principle of administrative law that, if an adequate administrative remedy exists it must be exhausted before CT Page 13188 the Superior Court will obtain jurisdiction to act in the matter." Housing Authority v. Papandrea, 222 Conn. 414, 420,610 A.2d 637 (1992). "Because the exhaustion doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine requires dismissal of the plaintiff's claim." Concerned Citizens of Sterling v. Sterling,204 Conn. 551, 556, 529 A.2d 666 (1987).
The plaintiff's amended complaint added a claim to the prayer for relief wherein the plaintiff seeks punitive damages. The plaintiff argues that such a remedy would not be available through a claim brought to the CHRO and as such, no an adequate administrative remedy exists. Therefore, the plaintiff argues, the administrative remedy need not be exhausted before the Superior Court will obtain jurisdiction to act in the matter.
In Bridgeport Hospital v. Commission On Human Rights andOpportunities, 232 Conn. 91, 92-93, 653 A.2d 782 (1995), the issue before the court was "Whether General Statutes §46a-86, authorize[d] the award of damages for emotional distress and attorney's fees for a violation of General Statutes § 46a-60
(a)(1)." The court concluded that it did not. Id., 93.
Section 46a-86(c) of the General Statutes provides: "(c) In addition to any other action taken hereunder, upon a finding of a discriminatory practice prohibited by section 46a-58, 46a-59,46a-64, 46a-64c, 46a-81b, 46a-81d or 46a-81e, the presiding officer shall determine the damage suffered by the complainant, which damage shall include but not be limited to the expense incurred by the complainant for obtaining alternate housing or space, storage of goods and effects, moving costs and other costs actually incurred by him as a result of such discriminatory practice and shall allow reasonable attorney's fees and costs." Section 46a-86(d) of the General Statutes provides: "(d) In addition to any other action taken hereunder, upon a finding of a discriminatory practice prohibited by section 46a-66 or 46a-81f, the presiding officer shall issue and file with the commission and cause to be served on the respondent an order requiring the respondent to pay the complainant the damages resulting from the discriminatory practice." Attorney's fees are expressly limited to the cases brought under the specific statutes enumerated in sections(c) and(d) of General Statutes § 46a-86. SeeBridgeport Hospital v. Commission On Human Rights andOpportunities, supra, 232 Conn. 100. CT Page 13189
The claim in the present case is not brought pursuant to any of the statutes specifically enumerated in General Statutes §46a-86. Therefore, the plaintiff would not be entitled to punitive damages if she pursued her claim through the CHRO. This court is in agreement with the decision rendered in Seebeck v.McLaughlin Research Corp., Superior Court, judicial district of New London at New London, Docket No. 530884 (1 Conn. Ops. 318, February 16, 1995, Hendel, J.), wherein the court stated: "The pending administrative actions do not deprive this court of subject matter jurisdiction. The doctrine of exhaustion of administrative remedies in inapplicable to the present case because the plaintiff's claim for punitive damages is unavailable through the CHRO. Consequently, the administrative remedies are inadequate as a matter of law. . . ." Id.
For the foregoing reasons, the motion to dismiss is denied.
PICKETT, J.