[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#126)
The plaintiffs, Elizabeth B. Jones and William P. Jones, Jr., have appealed to the Superior Court from a decision of the Probate Court admitting a will to probate. On January 12, 1995, a hearing was held at which the Probate Court, Capunto, J., issued a decree admitting into probate a will dated December 12, 1994, which purported to be the last will and testament of the decedent, Margery Beach. The plaintiffs claim that the decree of the Probate Court was obtained by fraud and thus is invalid.
In their reasons of appeal, the plaintiffs allege that the document purporting to be the last will of the deceased, Margery Beach, was not duly executed according to law; that the deceased CT Page 125-A lacked sufficient testamentary capacity to execute the will; and that the will was executed by the decedent while she was under the influence and control of the defendants Thomas L. Blythe, the executor, W. Glenn Major, attorney for Blythe, and Nancy Boston, the residuary legatee. Furthermore, the plaintiffs claim that Elizabeth B. Jones is the decedent's step-daughter and heir-at-law, that William P. Jones, Jr. was a beneficiary under a prior will of Margery Beach, and that neither was notified of the hearing for admission of the will into probate. With respect to defendant James H. Love, the guardian ad litem for missing heirs-at-law, the plaintiffs allege that Love either deliberately or through gross incompetence failed to seek information as to the existence of heirs-at-law and failed to advise the Probate Court of the existence of Elizabeth B. Jones. Finally, the plaintiffs claim that the executor, his attorney, the guardian ad litem and Nancy Boston all conspired to prevent the plaintiffs from appearing before the Probate Court to contest the admissibility of the will. In their prayer for relief, the plaintiffs seek a judgment that the purported will of December 12, 1994, was not the decedent's will; compensatory and punitive damages against Blythe, Major, Love and Boston; and alternatively, that the plaintiff be declared a residuary legatee under said will.
On August 19, 1996, Love filed a motion to dismiss this CT Page 125-B probate appeal to the extent that it seeks monetary damages as to him for lack of subject matter jurisdiction and for insufficient process. In support of this motion, Love filed a memorandum of law. The plaintiffs filed an objection and an opposing memorandum of law.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy. Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power." (Internal quotation marks omitted.)Plasil v. Tableman, 223 Conn. 68, 80, 612 A.2d 763 (1992). "[W]henever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings." (Internal quotation marks omitted.) In re Judicial Inquiry No.85-01, 221 Conn. 625, 629, 605 A.2d 545 (1992).
"In contrast, a motion to strike is the proper means of attacking a pleading that on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would CT Page 125-C establish a cause of action upon which relief could be granted."Baskin's Appeal from Probate, 194 Conn. 635, 640, 484 A.2d 934
(1984). "If a motion to dismiss is granted, the case is terminated save for an appeal of that ruling. The granting of a motion to strike, however, is not ordinarily a final judgment, since Practice Book § 157 affords a right to amend the deficient pleading." Id.
In his supporting memorandum, Love argues that because this proceeding is a probate appeal regarding the admission of a will, there is no subject matter jurisdiction over the claims for damages made against Love. According to Love, when a Superior Court tries an appeal from the Probate Court, the Superior Court does so exercising the special and limited jurisdiction conferred on it by the probate appeal statute. In addition, Love argues that the purely statutory probate appeal is limited to the order and decree appealed from. Therefore, Love argues that there is a complete lack of subject matter jurisdiction over the attempted claims for damages against him.
Second, Love argues that although he may have received notice of the appeal, he was never served with a summons requiring him to enter an appearance as an alleged party defendant, and, therefore, that process is insufficient. According to Love, although he may have received notice of this probate appeal, he CT Page 125-D was not summoned to appear, answer and defend this appeal. Accordingly, Love argues that the motion to dismiss should be granted.
In their opposing memorandum, the plaintiffs argue that the relief sought in their reasons of appeal is within the proper scope of an appeal from probate. Furthermore, the plaintiffs argue that it is more expeditious and effective to combine all of the claims which the plaintiffs have against the defendants in the probate appeal, and seek adjudication of the various issues which exist. Finally, the plaintiffs argue that essentially the same issue was raised by a different party in a prior motion to dismiss and was decided in favor of the plaintiffs. See Jones v.Estate of Margery Beach, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149578 (June 14, 1996, Lewis, J.). Based on the principle of the law of the case, the plaintiffs argue that the allegations contained in the reasons of appeal are within the proper scope of a probate appeal.
"A court of probate is unable to award damages." Palmer v.Hartford National Bank Trust Co., 160 Conn. 415, 430,279 A.2d 726 (1971). Furthermore, "[t]he Probate Court may not adjudicate complex legal questions which are subject to the broad jurisdiction of a general court of equity." Id. "The Superior Court, sitting in review of the Probate Court, may not exercise CT Page 125-E powers beyond those of the Probate Court." Id, 428. "[T]he Superior Court . . . acts `as an appellate court of probate' which `as an appellate court' is `incompetent to award damages' . . . ." Matthies v. Hackett, 24 Conn. Sup. 470, 471,194 A.2d 532 (1960). "It would . . . be inappropriate to allow a court to entertain an action in which it is without the power to grant the relief requested." Palmer v. Hartford National Bank Trust Co., supra, 160 Conn. 430. See Ramsdell v. Union Trust Co.,202 Conn. 57, 73, 519 A.2d 1185 (1987) ("[T]he plaintiffs' claims for money damages . . . against the defendant should be brought in a court of general, rather than limited, jurisdiction.").
The defendant essentially argues that the motion to dismiss should be granted because the plaintiffs seek relief, i.e., monetary and punitive damages, which is beyond the scope of a probate appeal. In a prior motion to strike filed by the defendant executor, Thomas L. Blythe, a substantially similar argument was raised. The court, Lewis, J., rejected this argument stating that "[t]he wording of the prayer for relief, even if shown to be . . . without the scope of this court's jurisdiction, will not deprive the court of subject matter jurisdiction of the appeal itself, even though all or some of the relief requested cannot be provided." Jones v. Estate of Margery Beach, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149578 (June 14, 1996, Lewis, J.). Accordingly, the court CT Page 125-F rejected this argument as a basis for dismissing the plaintiffs' probate appeal.
Likewise, even if the relief sought in the plaintiffs' prayer for relief is beyond the scope of this court's jurisdiction in a probate appeal, it will not deprive the court of subject matter jurisdiction over the appeal from the decree admitting the will to probate. In Baskin's Appeal from Probate, supra, 194 Conn. 641
n. 9, although the reasons of appeal filed by the plaintiff in the Superior Court may have been legally insufficient, rendering the appeal subject to a motion to strike, the court concluded that "dismissal is not proper unless it is undisputed as a question of fact that such reasons do not exist." Therefore, if the pleadings initiating the appeal from probate could be amended to state a cause of action, it is inappropriate to grant a motion to dismiss. Id., 640-41.
In the present case, the plaintiffs have alleged sufficient facts in their appeal from the decree of the Probate Court, i.e., that the decedent's December 12, 1994 will is invalid and that the decree admitting the will to probate was obtained by fraud. Because the plaintiffs have stated a cause of action that should be heard by the court, Love's motion to dismiss is denied.
Furthermore, "the failure to name an adverse party in a CT Page 125-G probate appeal does not deprive the Superior Court of subject matter jurisdiction." George v. St. Ann's Church, 182 Conn. 322,324, 438 A.2d 97 (1980) ("Since the Superior Court had subject matter jurisdiction over the appeal even without notice to the executor, the motion to dismiss was improper."). General Statutes § 45a-192 provides in pertinent part: "The court of probate, in allowing an appeal, shall make such order of notice to persons interested as it deems reasonable. When the notice has been given by the appellant and proved to the court to which the appeal is taken, the court may hear the appeal without further notice." The sheriff's return indicates that Love was served with notice of the appeal on November 16, 1995. Thus, the requirements of § 45a-192 have been satisfied. Therefore, Love's claim based on insufficient process is without merit.
[Nevertheless, in a probate appeal, the Superior Court is incompetent to award damages. The Connecticut Supreme Court has indicated that in certain circumstances it is appropriate for the Superior Court to treat a motion to dismiss as a motion to strike. See McCutcheon Burr, Inc. v. Berman, 218 Conn. 512,527, 590 A.2d 438 (1991) ("the trial court should have treated the motion to dismiss as a motion to strike"). "[T]he proper procedure to delete a prayer for relief is a motion to strike . . . ." Reynolds v. Rinaldi, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 116638 (December CT Page 125-H 8, 1993, Sylvester, J.). "A party moving to strike a prayer for relief should prevail if, "assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff." Kavarco v. T.J.E., Inc., 2 Conn. App. 294, 298
n. 4, 478 A.2d 257 (1984). Because the Superior court is not competent to award damages in a probate appeal, the portion of the plaintiffs' prayer for relief seeking damages is stricken. Based upon the foregoing, Love's motion to dismiss is denied. Nevertheless, because a Superior Court is incompetent to award damages in a probate appeal, the portion of the plaintiffs' prayer for relief seeking monetary and punitive damages is stricken.
RICHARD J. TOBIN, JUDGE