[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Gwen R. Winkler was awarded unemployment compensation benefits by the named defendant, the administrator of the Unemployment Compensation Act, General Statutes § 31-222 et seq., on April 4, 1995. The decision stated that the award would become "final on the twenty-second (22) calendar day after the date of mailing," which was April 26, 1995, unless an appeal was filed.
On December 13, 1995, Winkler's employer, Fairfield County Limousine, Inc. (hereinafter referred to as the appellant), appealed the administrator's decision to the employment security appeals division, pursuant to General Statutes §§ 31-241 and31-242, claiming that Winkler was actually employed by and working for the appellant. The case was referred to an appeals referee for a hearing de novo. The referee scheduled a hearing for February 14, 1996, in accordance with § 31-237g-27 of the Regulations of Connecticut State Agencies, to determine the timeliness of the filing of the appeal. The appellant failed to attend the referee's hearing and did not give any notice of its inability to attend.
The referee stated that the issue was whether the appellant had demonstrated "good cause" for filing its appeal more than twenty-one days after the administrator's notification that Winkler was eligible for benefits. The referee found that the appellant had received the administrator's notice in April, 1995, and had not offered any evidence that its failure to file an appeal until December, 1995, was based on factors beyond its control. The only excuse offered by the appellant was that its general manager was away on vacation. The general manager of the CT Page 4580 appellant wrote to the referee that the appellant was "lax in responding to the initial correspondence and that I failed to appear at the hearing." The referee dismissed the appellant's appeal on the ground that he lacked jurisdiction to decide the appeal because of the late filing. The appellant moved to reopen the referee's decision, and that motion was denied by the referee on May 15, 1996.
In accordance with General Statutes § 31-249, the appellant appealed this decision to the employment security appeals division board of review (board), asserting that it was through a mistake that the appeal to the referee was not filed in a timely fashion. The plaintiff wrote to the defendant that a representative of the plaintiff did not attend the February 14, 1996 hearing because, according to the general manager, "I was suddenly and unexpectedly unable to attend due to circumstances of our business." The board ruled that failure to appeal to the referee and to attend a duly scheduled hearing because of vacation and/or press of business did not constitute good cause. The board adopted the referee's conclusion that he lacked jurisdiction to decide the appeal and ruled that the appellant had not offered any reason for the late appeal which would satisfy the requirement of good cause.
Fairfield County Limousine, Inc., hereinafter referred to as the plaintiff, filed a timely appeal to this court pursuant to General Statutes § 31-249b, contending that it missed the deadline for appeals to the referee, but that the court should examine the case on it merits. The general manager of the plaintiff advised the court that "I am willing to accept that I was in error in not attending the hearing and that perhaps a fine or penalty might be levied for my absence . . . ." The board filed a return of record, and a hearing was held before this court on February 27, 1997.
In terms of reviewing an appeal of this nature, the Superior Court has been given several guideposts by the Supreme Court. One guidepost states that "[t]he purpose of the unemployment compensation act is to provide income for the worker earning nothing because he is out of work through no fault or act of his own . . . ." (Citations omitted.) Cervantes v. Administrator,177 Conn. 132, 136, 411 A.2d 921 (1979). Another such guidepost was set out in Mattatuck Museum-Mattatuck Historical Society v.Administrator, 238 Conn. 273, 278, 679 A.2d 347 (1996), as follows: "[T]he [unemployment compensation] act is remedial and, CT Page 4581 consequently, should be liberally construed in favor of its beneficiaries. . . . Indeed, the legislature underscored its intent by expressly mandating that the act shall be construed, interpreted and administered in such manner as to presume coverage, eligibility and nondisqualifaction in doubtful cases. General Statutes § 31-274 (c)." (Citations omitted; internal quotation marks omitted.).
The Supreme Court has also indicated that this court's role in reviewing this type of appeal is a rather limited one. "To the extent that an administrative appeal, pursuant to General Statutes § 31-249b, concerns findings of fact, a court is limited to a review of the record certified and filed by the board of review. The court must not retry the facts nor hear evidence. . . . If, however, the issue is one of law, the court has the broader responsibility of determining whether the administrative action resulted from an incorrect application of the law to the facts found or could not reasonably or logically have followed from such facts. Although the court may not substitute its own conclusions for those of the administrative board, it retains the ultimate obligation to determine whether the administrative action was unreasonable, arbitrary, illegal or an abuse of discretion." (Citations omitted.) United ParcelService, Inc. v. Administrator, 209 Conn. 381, 385-86,551 A.2d 724 (1988). "As a general rule, `[t]he application of statutory criteria to determine a claimant's eligibility for unemployment compensation under General Statutes §§ 31-235 and 31-236
involves mixed questions of fact and law in which the expertise of the administrative agency is highly relevant.'" Id., 386, quoting Burnham v. Administrator, 184 Conn. 317, 323,439 A.2d 1008 (1981). Moreover, the construction placed upon a statute or regulation by the agency responsible for its enforcement and administration is entitled to great deference. Griffin Hospitalv. Commission on Hospitals Health Care, 200 Conn. 489, 496,512 A.2d 199, appeal dismissed, 479 U.S. 1023, 107 S.Ct. 781,93 L.Ed.2d 819 (1986).
General Statutes § 31-241 (a) provides in pertinent part that a decision of the administrator shall be "final" unless an appeal is taken therefrom "within twenty-one calendar days after such notification was mailed to [the employer's] last-known address," unless the "filing party shows good cause, as defined in regulations adopted pursuant to section 31-249h, for the late filing" General Statutes § 31-249h requires the Board to promulgate regulations defining "good cause" relating to the CT Page 4582 timeliness of filing appeals.
Section 31-237g-15 (b) of the Regulations of Connecticut State Agencies provides that the late filing of an appeal to a referee may be excused "if a reasonably prudent individual under the same or similar circumstances would have been prevented from filing a timely appeal. In determining whether good cause has been shown, the referee shall consider all relevant factors, including but not limited to: (i) The extent to which the party has demonstrated diligence in its previous dealings with [the] administrator and the employment security appeals division; (ii) Whether the party was represented; (iii) The degree of the party's familiarity with the procedures of the appeals division; (iv) Whether the party received timely and adequate notice of the need to act; (v) Administrative error by the administrator or employment security appeals division; or the failure of the administrator, the appeals division, or any other party to discharge its responsibilities; (vi) Factors outside the control of the party which prevented a timely action; (vii) The party's physical or mental impairment; (viii) Whether the party acted diligently in filing an appeal once the reason for the late filing no longer existed; (ix) Where there is substantial prejudice to an adverse party which prevents such party from adequately presenting its case, the total length of time that the action was untimely; (x) Coercion or intimidation which prevented the party from promptly filing its appeal[;] (xi) Good faith error, provided that in determining whether good faith error constitutes good cause[,] the referee shall consider the extent of prejudice to any other party, any prior history of late filing due to such error, whether the appeal is excessively late, and whether the party otherwise acted with due diligence." Section31-237g-26 (b)(1) of the Regulations of Connecticut State Agencies relates to failure to attend a referee's hearing and provides, among other things, that a referee may dismiss an appeal due to the failure of the appellant "to prosecute the appeal." The referee may also continue or reschedule the hearing if "good cause exists for doing so." Regs., Conn. State Agencies § 31-237g-26 (b)(3).
"[A]ppeals within the unemployment compensation system must be taken in a timely fashion and, if they are not, they come `too late' for review." Gumbs v. Administrator, 9 Conn. App. 131, 133,517 A.2d 257 (1986), quoting Derench v. Administrator,141 Conn. 321, 324, 106 A.2d 150 (1954). In the present case, the Board determined that the plaintiff had failed to demonstrate good CT Page 4583 cause for the delayed appeal, based on the factors enumerated in the regulations. The Board's conclusion that Winkler is eligible for benefits is within the Board's competence and should not be disturbed. "[T]he Superior Court does not retry the facts or hear evidence in appeals under our unemployment compensation legislation. Rather, it acts as an appellate court to review the record certified and filed by the board of review." Finkensteinv. Administrator, 192 Conn. 104, 112, 470 A.2d 1196 (1984). "[O]ur standard of review in administrative proceedings must allow for judicial scrutiny of claims such as constitutional error, jurisdictional error, or error in the construction of an agency's authorizing statute." Id., 113.
Granting benefits to one who is not unemployed is an anomaly, to say the least,[1] but neither the Board or this court has jurisdiction to hear the plaintiff's appeal. Without the requisite jurisdiction, this court is powerless to act. "[W]henever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to previous rulings."In re Judicial Inquiry No. 85-01, 221 Conn. 625, 629,605 A.2d 545 (1992). Moreover, in this present appeal, the defendant administrator correctly points out in its motion for judgment that the plaintiff, a corporation, is attempting to file a pro se appearance in this court. However, "[i]n Connecticut, a corporation may not appear pro se." Expressway Associates II v.Friendly Ice Cream Corporation of Connecticut, 34 Conn. 543, 546,642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994).
The court finds, on the basis of the certified record, that the Board was justified in the conclusions it reached concerning the late filing of an appeal. Therefore, the Board's decision is affirmed, and judgment hereby enters dismissing the plaintiff's appeal.
So Ordered.
Dated at Stamford, Connecticut, this 28th day of April, 1997.
William B. Lewis, Judge